# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: DARREL D. SMITH, <br><br> Debtor. | Case No.: BK-S-91-21026-BAM |
| DARREL D. SMITH, <br><br> Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, THE INTERNAL REVENUE SERVICE, <br><br> Appellee. | Case No. 2:03-CV-01299-KJD-PAL <br><br> **ORDER** |

Presently before the Court is Appellant's appeal from a final order and judgment of the bankruptcy court. The Court has read and considered Appellant's Opening Brief (#8), Appellee's Response Brief (#10), and Appellant's Reply Brief (#9).

**I. Background.**

Appellant commenced the underlying bankruptcy proceeding on March 22, 1991, under Chapter 11 of the bankruptcy code. On February 5, 1996, the case was converted to a Chapter 7 proceeding. In 1997, the bankruptcy estate filed a tax return listing a large tax liability due to the sale

of an original painting. The original tax liability was calculated as $764,410. After several audits, the tax liability was substantially reduced to $272,116. This amount was not refunded.

In May 2001, Appellant filed an adversary proceeding seeking adjustments based on numerous individual items. The parties filed cross-motions for summary judgment. The bankruptcy court substantially denied both motions. The court did however hold that Appellant could not relitigate the issue of whether he had an interest in the Tropicana Hotel and Casino ("Tropicana Hotel") because this issue had already been litigated . After conducting a trial on July 30, 2003, the bankruptcy court found in Appellant's favor with regard to some of the issues raised during the trial and in the United States' favor on others. The bankruptcy court entered its Findings of Fact and Conclusions of Law on October 6, 2003. Both parties appealed, but the United States later dismissed its appeal voluntarily.

Appellant challenges four aspects of the bankruptcy court's October 6, 2003 order. First, Appellant contends that he was entitled to fees and costs pursuant to 26 U.S.C. § 7430, despite the bankruptcy court's conclusion that the United States' position was substantially justified. Second, he argues that the court erred in holding that res judicata bars him from relitigating whether he had a community or separate property interest in the Tropicana Hotel, even though the issue was decided in a prior state court action. Third, Appellant disputes the bankruptcy court's refusal to allow him to deduct unreimbursed personal living expenses as bad debt capital loss. Finally, Appellant argues that the bankruptcy court erred in finding that he failed to substantiate the basis in certain Persian rugs which he sought to deduct as a theft loss.

**II.  Jurisdiction and Standards of Review**.

The United States district courts have jurisdiction to hear appeals from a final judgment and order in a bankruptcy proceeding. See 28 U.S.C. § 158(a)(1). A district court reviews de novo a bankruptcy court's conclusions of law. See In re Lazar, 83 F.3d 306, 308 (9th Cir. 1996); In re Frontier Props., Inc., 979 F.2d 1358, 1362 (9th Cir. 1992). Findings of fact are reviewed under the clearly erroneous standard. See Fed. Bankr. P. 8013; In re Cellular 101, Inc., 377 F.3d 1092, 1095

(9th Cir. 2004). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 394 (1948). The clearly erroneous standard is significantly deferential. See Sec. Farms v. Int'l Br. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997). Because of the differential nature of the clearly erroneous standard, if the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, the district court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. See Amadeo v. Zant, 486 U.S. 214, 223 (1988). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74 (1985). "[W]hen findings are based on determinations regarding the credibility of witnesses, an even greater deference to the trial court's findings is demanded." In re Bradford, 112 B.R. 347, 352 (B.A.P. 9th Cir. 1990). Only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said. See Anderson, 470 U.S. at 575. When a factfinder's finding is based on his or her decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error. See id.

**III. Analysis.**

    **A. Fees & Costs.**

In his adversary petition, Appellant requested costs and attorneys' fees asserting that the Government's position was not substantially justified. The parties agreed that a decision on fees and costs should wait until after the other issues had been decided. After the bankruptcy court had orally made its ruling on the substantive issues, Appellant immediately asked the court to address his claim for costs and fees. Initially, the court denied Appellant's demand. After Appellant made his arguments in favor of costs and fees, the Government made its statement. After hearing both parties'

arguments, the court again summarily denied Appellant's request for costs and fees. On October 6, 2003, the bankruptcy court subsequently entered its Findings of Fact and Conclusion of Law and Judgment. In this order, the court made no specific findings or conclusions concerning whether the Government's positions during the proceeding were substantially justified. Rather, the only mention of § 7430 costs and fees is in the "Judgment" section of the order, which states as follows:

> The Court having made the foregoing findings of fact and conclusions of law, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED
> . . .
> 2. That plaintiff's request for costs is denied. The United States' position in this litigation was substantially justified under 26 U.S.C. § 7430.

Plaintiff now challenges the bankruptcy court's denial of § 7430 costs and fees.

In order to be awarded costs and fees pursuant to 26 U.S.C. § 7430, the prevailing party must have: (1) exhausted the administrative remedies; (2) established that the Government's position in the proceeding was not substantially justified; (3) substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (4) not unreasonably protracted any portion of the proceeding. See In re Yochum, 89 F.3d 661, 670 (9th Cir. 1996). The taxpayer bears the burden of establishing that the Government's position was not substantially justified. See id. This Court reviews the denial of a § 7430 demand for costs and fees for abuse of discretion. See id. at 670.

The Appellant and the Government have both submitted several arguments in support of their respective positions. The key for appellate review, however, is the reasoning upon which the bankruptcy court based its decision to deny § 7430 costs and fees. See Liti v. Comm'r, 289 F.3d 1103, 1105 (9th Cir. 2002) (holding that a lower court must explain its reasons for granting or denying a motion for § 7430 costs and fees). Without a reasoned explanation, this Court cannot conduct meaningful appellate review of the bankruptcy court's decision. See id. at 1106. When the reasoning of the lower court is sparse or non-existent, the case must be remanded for a more reasoned explanation for denying § 7430 costs and fees. See id.

Here, the bankruptcy court's reasoning consists of a single sentence conclusorily stating that the Government's position was substantially justified. Due to this sparse reasoning, this Court cannot conduct meaningful review. Accordingly, the court will vacate this aspect of the decision and remand so that the bankruptcy court may issue a ruling containing a reasoned explanation for the denial of § 7430 fees and costs.

**B. The Deductibility of Mitzi Briggs' "Bad Debt"**

Appellant next argues that the bankruptcy court erred by refusing to allow him to treat his ex-wife's, Mitzi Briggs, failure to pay his personal expenses as a bad debt capital loss. Appellant does not dispute the bankruptcy court's finding that Mitzi Briggs had such an agreement to pay Appellant's living expense and then later failed to pay upon this agreement. Rather, Appellant challenges the bankruptcy court's legal conclusion that a third party's failure to pay the nondeductible personal expenses of a taxpayer does not transform these expenses into a deductible capital loss.

It is an axiom of United States tax law that personal living expenses are not deductible. See 26 U.S. § 262(a). In this case, Appellant seeks to circumvent this axiom by arguing that due to Mitzi Brigg's agreement to reimburse the personal living expenses he allegedly incurred, he is now allowed to deduct the cost of any unreimbursed expenses as bad debts. According to Appellant, the bankruptcy court erred by focusing on the fact that the underlying object of the debt was personal expenses and not on the fact that it was bad. Appellant's argument, however, lacks merit. Appellant cites no authority (either statute or caselaw) that directly supports his novel argument.[1] As the

---

[1] Appellant's citation to Rodgers v. Comm'r, 49 T.C.M. (CCH) 1434 (1985) and Martersteck v. Comm'r, No. 3531, 1958 U.S. Dist. LEXIS 4570, 59-1 U.S.T.C. (CCH) ¶9113 (1958) is not persuasive. Neither case is directly on point. In Rodgers, the court found that money the taxpayer gave to her ex-husband just before and during their marriage in order to salvage a business he owned before they met was entitled to be deducted as nonbusiness bad debt. In Martersteck the only issue before the court was whether the taxpayer and her ex-husband had created a debtor-creditor relationship in order for the taxpayer to be entitled to the bad debt capital loss. Contrary to Appellant's argument, these cases' silence on personal expenses does not mean that a bad debt for unreimbursed personal expenses is accordingly deductible. For Appellant to support his novel position based on the silence of these cases is conjecture.

Government aptly stated in its opposition brief, "If appellant's argument were correct, it could effectively swallow the nondeductibility of personal expenses by allowing taxpayers to form sham agreements to reimburse nondeductible expenses among themselves." Because Appellant failed to meet his burden, this aspect of the bankruptcy court's order will be affirmed.

**C. Res Judicata and Appellant's Alleged Interest in the Tropicana Hotel.**

Appellant next challenges the bankruptcy court's conclusion that the doctrine of res judicata barred him from relitigating whether he had an interest in the Tropicana Hotel. In earlier proceedings, the bankruptcy court had referred the determination of Appellant's alleged interest to the state district courts. Appellant had alleged an interest in the Tropicana Hotel based on a settlement agreement he had with his ex-wife, Mitzi Briggs. At the conclusion of the state court proceedings, the state district court found that "Smith had failed to prove and establish by a preponderance of the evidence that he has an interest, community or otherwise, in and/or a cognizable claim to the Tropicana Investment."

Section 1738 of Title 28 of the United States Code states that a state's "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. Instead of employing its own preclusion rules, § 1738 commands a federal district court to accept the rules chosen by the state from which the judgment is taken. See Noel v. Hall, 341 F.3d 1148, 1166 (9th Cir. 2003). This section requires federal district courts to give the same preclusive effect to a state court judgment as that judgment would have in the state courts in which it was rendered. See id. at 1149; In re La.-Pac. Inner-Seal Siding Litig., 234 F. Supp. 2d 1170, 1180-81 (D. Or. 2002) (stating that this act "directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering State.").

Under Nevada rules of issue preclusion, if an issue of fact or law was actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action

between parties. See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co., 963 P.2d 465, 473 (Nev. 1998). Under this doctrine, any issue that was "litigated in [case I] will be estopped from being relitigated in [case II]." LaForge v. State, Univ. & Cmty Coll. Sys. of Nev., 997 P.2d 130, 133 (Nev. 2000) (quoting Exec. Mgmt., 963 P.2d at 473). Under Nevada state law, issue preclusion applies when: (1) the issue decided in the prior litigation is identical to the issue presented in the current action; (2) the initial ruling was on the merits and became final; and (3) the party against whom the judgment is asserted was a party or in privity with a party to the prior litigation. See Exec. Mgmt., 963 P.2d at 473-74.

As it pertains to this three-part test, no party disputes that the state district court's decision was on the merits and has become final. Appellant, however, argues that the issues decided in the state court litigation are not identical to the issues presented in the current action. Appellant is mistaken. In its order dismissing Appellant's complaint, the state district court explicitly held that "Smith has failed to prove and establish by a preponderance of the evidence that he has an interest, community or otherwise, in and/or a cognizable claim to the Tropicana Investment." The state court further stated that "Mitzi [Appellant's ex-wife] did not, during or prior to her marriage to Smith, make a gift of or otherwise agree to transmute any portion of the separate property Tropicana Investment to Smith." In the instant case, Appellant was trying to litigate what interest he had in the Tropicana Hotel in order to deduct it as a long-term capital loss. The issues are identical despite Appellant's conclusory allegations to the contrary.[2]

---

[2] Appellant inartfully tries to argue that the state district court overstepped its authority to rule on whether he had a separate property interest in the Tropicana Hotel. According to Appellant, the bankruptcy court only referred to the state district court the issue of whether he had a community property interest in the subject hotel. By also addressing Appellant's purported separate property interest, the state district court presumably overstepped its authority. Even if Appellant's factual version is correct, it still lacks merit. The proper procedural vehicle to challenge the state district court's holding concerning his alleged separate property interest was not to wait until his appeal in the underlying bankruptcy proceeding. Rather, it was to pursue an appeal through the state court system and, if necessary, petition for a writ of certiorari from the United States Supreme Court. See Parson Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 525 (1986). Once the state district court decision became final, this Court is required to give it the same preclusive effect the Nevada state courts would. See 28 U.S. § 1738.

Appellant also disputes the third part of the issue preclusion test. Appellant argues that he lacks privity with the bankruptcy trustee. Appellant's argument lacks merit. Appellant was both the plaintiff in the state court litigation and the plaintiff in the adversary proceeding which is the subject of the instant appeal. Appellant does not dispute that he, and not his bankruptcy estate, was a party in the state court litigation. Moreover, Appellant's claim that the trustee, and not himself, was the complaining party in this adversary proceeding is incorrect. Appellant, Darrell D. Smith, the debtor in the bankruptcy case, is indisputably the plaintiff in this action, regardless of whether he seeks to act on the estate's behalf. Appellant is not a debtor in possession. The bankruptcy court already ruled that Appellant may sue for and receive any refund directly. Thus, Appellant will not be permitted to sue for a refund in his own right and at the same time assert that he is acting as a trustee, seeking to protect the estate's broader interest. Such argument is clearly disingenuous. As all three parts of Nevada's issue preclusion test has been met, the bankruptcy court properly found that Appellant was barred from relitigating his purported interest in the Tropicana Hotel.

In addition to addressing the three-part test, Appellant also attempts to collaterally attack the state court's order by arguing that earlier proceedings in bankruptcy court denied him due process. Appellant's attenuated argument is as follows: the state court decision relied[3] on a settlement agreement approved by the bankruptcy court purportedly after an evidentiary hearing but that the bankruptcy court's approval was actually based on an earlier hearing that this Court had previously vacated on appeal. Factually, Appellant is mistaken. Appellant bases this convoluted argument on out-of-context statements by the bankruptcy judge. But more importantly, even assuming that

---

[3] In his briefs, Appellant alleges that the manner in which the bankruptcy court enforced the settlement agreement was the basis from which the state court ruled against him as to his alleged interest in the Tropicana Hotel. A review of the state district court's findings of fact and conclusions of law clearly belie Appellant's allegations. The state district court found that Appellant's actions during the 1980s and 1990s were plainly incompatible for someone who would later allege to have an interest in the Tropicana Hotel. More importantly, the state district court found Appellant's testimony at trial concerning whether his ex-wife had gifted him an interest in the Tropicana Hotel to not be credible or believable as well as inconsistent with his prior sworn testimony and uncontroverted conduct.

8

Appellant is correct concerning the settlement agreement and the alleged lack of due process, his argument still lacks legal merit.  The fact the state district court may have erroneously applied the bankruptcy court's approval of the settlement agreement does not allow Appellant now to collaterally challenge the state court's final order concerning his interest in the Tropicana Hotel.  As explained previously, if Appellant disagreed with the state court's order (and any evidence or facts upon which it is based, i.e. alleged defective bankruptcy court proceeding) the proper course was to note an appeal to the Nevada Supreme Court and then later, if necessary, to the United States Supreme Court. See Parson Steel, 474 U.S. at 525.  It is not proper to collaterally attack the state court's order now by challenging proceedings that occurred almost over ten years ago in the underlying bankruptcy case.

### D. Persian Rugs.

Finally, Appellant argues that the bankruptcy court committed clear error in finding that he had substantiated the basis of only some of the Persian rugs whose loss he sought to deduct as a theft loss.  In order to deduct the loss of the Persian rugs, Appellant was required to establish the rugs' basis – their cost.  In support of his contention that all the Persian rugs together cost $182,000, he produced only his trial testimony and a document that he referred to as a "cost appraisal."  This document described itself as an appraisal, but does not indicate that it has anything to do with cost.  Furthermore, the name on the appraisal does not even match the name of the seller listed on the receipts for the rugs whose basis the bankruptcy court found Appellant did establish.  In his briefs, Appellant presents a plausible view of the evidence to support his argument.  However, the bankruptcy court's reason for rejecting the purported basis of the remaining rugs is also plausible – that Appellant failed to establish the basis of the remaining rugs for which he could not produce a receipt. Because the bankruptcy court's reasoning is equally plausible, it cannot be clear error.  See Anderson, 470 U.S. at 573-74.

Appellant also argues that the bankruptcy court erred in finding that the rugs should be considered a theft loss instead of a loss on property held for investment.  Appellant provides plausible reasons to support his argument.  Unfortunately for him, the bankruptcy court's reasons to

have the loss considered a theft loss is equally, if not more, plausible.  As explained previously, such a situation precludes this Court from finding that the bankruptcy court clearly erred.

**IV.  Conclusion.**

The bankruptcy court did not err when it refused to allow Appellant to deduct his ex-wife's failure to pay his personal expenses as a bad debt capital loss.  Additionally, the bankruptcy court did not commit clear error when it found that Appellant had failed to establish the basis in certain Persian rugs and that the loss of the remaining rugs should be deducted as a theft loss.  The bankruptcy court properly found that the doctrine of res judicata barred Appellant from relitigating whether he had an interest in the Tropicana Hotel.  The bankruptcy court, however, failed to give a reasoned explanation for its decision that the Government's position during the adversary proceedings was substantially justified, thereby requiring vacatur and remand.

Accordingly, IT IS HEREBY ORDERED that the bankruptcy court's October 6, 2003 order is **AFFIRMED IN PART, VACATED IN PART AND REMANDED**.

IT IS FURTHER ORDERED that the bankruptcy court's decision to deny Appellant fees and costs pursuant to 26 U.S.C. § 7430 is **VACATED** and the case is **REMANDED** for the limited purpose that the bankruptcy court may gave a reasoned explanation why § 7430 fees and costs are not merited.

IT IS FURTHER ORDERED that in all other aspects of the appeal, the bankruptcy court's decision is **AFFIRMED**.

DATED this 27th day of September 2006.

_____
Kent J. Dawson
United States District Judge

10